IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSHUA H. MUIR, | ) | Case No. C 15-3675 PSG (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| PITTSBURG POLICE DEPARTMENT, | ) ) | |
| Defendant. | ) ) | |

Joshua H. Muir, a California inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**I. DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 15-3675 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Plaintiff's Claim

On June 7, 2014, Muir was at the Mar Ray motel in Pittsburg, California. He became involved in a physical altercation with the police that resulted in Muir being forced to the ground. Muir alleges that he received "knees" to his face, which caused a 1.5 inch laceration to the back of his head. Muir received 8 staples to his head to treat the laceration.

Presumably, Muir is attempting to raise a claim of excessive force. The determination of whether force is excessive when discussing a stop or arrest, is governed by the reasonableness test.[6] *Graham* requires careful attention to the facts and circumstances of each case, including the severity of the crime at issue and, where applicable, whether the suspect poses an immediate threat to the safety of the officers or others and whether he is actively resisting arrest or attempting to evade arrest by flight. Muir does not proffer any facts from which it can be inferred one way or the other that the force used was excessive. In his amended complaint, Muir should allege more specific facts to support his claim.

In addition, Muir has not named the individual officers who used force upon him. Instead, Muir names the entire Pittsburg Police Department. Local governments, such as the

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Graham v. Connor*, 490 U.S. 386, 387 (1989).

Case No. C 15-3675 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

Pittsburg Police Department are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.[7] However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.[8] To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.[9] Here, Muir has not alleged sufficient facts to state a municipal liability claim against the Pittsburg Police Department. Thus, the Pittsburg Police Department is DISMISSED. Muir must name the proper individual defendants whom he alleges are liable for violating his constitutional rights.

For these reasons, Muir's complaint is DISMISSED with leave to amend.

## II. CONCLUSION

The court hereby orders as follows:

1. The complaint is DISMISSED with leave to amend. Muir shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-3675 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Muir may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2. Muir is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

---

[7] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[8] *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

[9] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Case No. C 15-3675 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
3

1  amended complaint."[10]  Defendants not named in an amended complaint are no longer
2  defendants.[11]

3      3. It is Muir's responsibility to prosecute this case.  He must keep the court informed of
4  any change of address by filing a separate paper with the Clerk headed "Notice of Change of
5  Address," and must comply with the court's orders in a timely fashion.  Failure to do so may
6  result in the dismissal of this action for failure to prosecute pursuant to Fed. R. of Civ. P. 41(b).

7      IT IS SO ORDERED.

8  DATED:  11/24/2015

   PAUL S. GREWAL
9  United States Magistrate Judge

---

[10] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[11] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 15-3675 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4